19-4365-cv
*Eaton Partners, LLC v. Azimuth Capital Management IV, LTD.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of April, two thousand twenty-one.

PRESENT:　AMALYA L. KEARSE,
　　　　　　JOSÉ A. CABRANES,
　　　　　　ROSEMARY S. POOLER,
　　　　　　　　*Circuit Judges.*

---

EATON PARTNERS, LLC,

　　　　　　*Petitioner-Appellee*,　　　　　　　　　　　　19-4365-cv

　　　　v.

AZIMUTH CAPITAL MANAGEMENT IV, LTD.,

　　　　　　*Respondent-Appellant.*

---

**FOR PETITIONER-APPELLEE:**　　　　　　　　　GARY S. KLEIN (Todd R.
　　　　　　　　　　　　　　　　　　　　　　Michaelis, *on the brief*),
　　　　　　　　　　　　　　　　　　　　　　Carmody Torrance Sandak &

1

Hennessey LLP, Stamford, CT.

FOR RESPONDENT-APPELLANT:                    VINCENT P. SHERMAN, New York, NY.

Appeal from the December 2, 2019 judgment of the United States District Court for the Southern District of New York (Edgardo Ramos, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be, and hereby is, **AFFIRMED**.

Petitioner-Appellee Eaton Partners, LLC ("Eaton Partners"), an investment placement agent, filed a demand for arbitration against Respondent-Appellant Azimuth Capital Management IV, LTD. ("Azimuth"), a private equity fund. Eaton Partners alleged that Azimuth breached the placement agreement between the parties. After a five-day hearing, the Arbitrator issued an opinion and award in favor of Eaton Partners, and Eaton Partners filed a petition to confirm the award. Azimuth filed a motion seeking to vacate the award. In an amended opinion and order dated October 18, 2019, the District Court confirmed the award in favor of Eaton Partners, denied Azimuth's motion to vacate the award, and further declined to grant Azimuth's request to "enter judgment in its favor on breach of contract, fraudulent inducement of contract, and/or other claims."[1]

The District Court rejected Azimuth's claims that the Arbitrator was guilty of misconduct for failing to postpone the hearing when one of Azimuth's witnesses became unavailable due to a death in his family and for denying Azimuth's request to include a new witness. The District Court reasoned that the unavailable individual was not a key witness because Azimuth made no argument that a crucial part of its case went unrebutted because of the witness's absence, and noted that Azimuth's counsel said, when voluntarily withdrawing the witness, "I don't think that he is going to be needed."[2] The District Court further noted that Azimuth never requested postponement, instead choosing to voluntarily withdraw Azimuth's now-unavailable witness. As to the Arbitrator's denial of Azimuth's request to add a witness, the District Court concluded that it was untimely, in light of procedures to which both sides agreed, thus rendering it procedurally deficient. The District Court

---

[1] Joint App'x 95.

[2] Special App'x 7.

also concluded that the topics Azimuth wished to cover with the proposed witness were cumulative of testimony it had already presented.

Azimuth now appeals, arguing principally that the District Court erred in upholding the arbitration award because the Arbitrator was guilty of misconduct in failing to postpone the hearing and in refusing to hear and admit material evidence. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

A district court's decision upholding or vacating an arbitration award is reviewed "*de novo* on questions of law and for clear error on findings of fact."[3] The Federal Arbitration Act provides that a district court may vacate an arbitration award upon the application of any party to the proceeding "where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced[.]"[4]

We conclude that the District Court properly granted Eaton Partners' petition to confirm the arbitration award and denied Azimuth's motion to vacate the award. We affirm for substantially the same reasons given by the District Court in its amended opinion and order dated October 18, 2019.[5]

---

[3] *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016).

[4] 9 U.S.C. § 10(a)(3).

[5] Azimuth contends for the first time on appeal that the award should be vacated under 9 U.S.C. § 10(a)(3) as well as under "relevant and controlling state law" because of the Arbitrator's purported failure to consider Azimuth's fraudulent inducement of contract claim. Azimuth Br. 21. However, Azimuth waived its fraudulent-inducement claim by conceding in the arbitration proceeding that arbitration was proper and urging the Arbitrator to find Eaton was liable for breach of contract. Although Azimuth's motion in the district court to vacate the arbitration award stated that if the placement agreement were void *ab initio* because of fraudulent inducement there could not have been any arbitration, *see* Joint App'x 116 n.10, Azimuth had not pressed for an immediate resolution of that threshold issue. *See generally Moseley v. Elec. & Missile Facilities, Inc.*, 374 U.S. 167, 171 (1963) (if there is a substantial allegation of fraudulent inducement that would negate the existence of an agreement to arbitrate, "it seems clear that the issue of fraud should first be adjudicated before the rights of the parties . . . can be determined"). Instead, "Azimuth['s]" answering statements and counterclaims in the arbitration "admit[ted] that the present dispute is arbitrable and state[d] no objections to jurisdiction under the Arbitration Agreement." Joint App'x 54 (Arbitrator's partial final award ¶ 15) (emphases added)). We do not see that Azimuth ever disputed the Arbitrator's finding as to that admission. Since there could be no arbitrability without a contract, *see, e.g.*, *Moseley*, 374 U.S. at 171, and Azimuth admitted that the dispute was arbitrable, the Arbitrator was entitled to treat any fraud-in-the-inducement claim as waived by that admission, and we conclude that it was waived.

## CONCLUSION

We have reviewed all of the arguments raised by Azimuth on appeal and find them to be without merit. The December 2, 2019 judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk